UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA DIVISION

RHONDA FLEMING, PLAINTIFF,
JEANETTE DRIEVER, PUTATIVE CLASS PLAINTIFF-REPRESENTATIVE,

V.

UNITED STATES OF AMERICA, ET AL., DEFENDANTS.

NO. 4:18-cv-0004-"O"

PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

The Plaintiffs file this Motion for Class Certification pursuant to Fed. R. Civ. Proc., Rule 23(a) and (b)(2).  In support, the Plaintiff present the following:

STATEMENT BY THE PLAINTIFFS IN LIGHT OF THE RECENT DECISION IN DOE V. BOYERTOWN

The Plaintiff have read the Third circuit's decision in Does v. Boyertown, 897 F.3d 518 (3d Cir. July 26, 2018), and are dismayed by the reasoning of the appeals court.  Be that as it may, after careful consideration, the Plaintiffs believe the placement of the transgender males in women's prison, proves by the conduct and presence of biological males in general population, that social engineering by the government should be immediately put to an end.

In the Doe case, there are several instances where the appeals court allege that by providing a single use shower or bathroom, the defendants in that case prevented a constitutional violation of bodily privacy.  The court of appeals stated, that the policy did not "force cisgender students to disrobe in the presence of any student--cisgender or transgender." Id. at 531.  Well, in federal prisons, women are forced to disrobe and shower in the presence of the opposite sex, may that be biological males or females that self-identify as men.  There is no option for women in federal prisons.

Some of the same transgender students demanding access to intimate facilities of the opposite sex today, will one day end up in government prisons and jails.  An unconstitutional precedent is being set, which discriminates against women and girls, in correctional facilities, as well as in the communities of America.

Many transgender, biological women will not go into a men's's restroom based on their reasonable fear for their safety.  This places women of faith, heterosexuals, women and girls, in bathrooms, showers, and changing rooms with male and female transgender individuals.  This is the present condition of all federal women inmates, living with both biological sexes, which is clearly sex discrimination.

There is no federal law or recognized constitutional right to self-identification as a sex opposite of one's biological genitalia.  There is a recognized constitutional right to privacy and bodily integrity not being violated that protects women.  The Defendants had no legal right to ignore recognized legal precedents that protect women to accommodate men.

The Plaintiffs and 30,000 or more present and past federal women inmates have the real life experience of being housed with biological male inmates who are delusional, mentally ill, dangerous, and abusive of women.  These are not the cuddly, sweet, politically correct Catlin Jenners and Elton Johns, that many love.  These men are violet, hardened criminals who are a danger to BOP staff and women inmates.  Federal women's prisons are not equipped to deal with grown, full-sized, male inmates, who are sexual predators.

Let us use inmate L. Thompson as an example of why it is dangerous and unconstitutional.  In and out of prison, Thompson has advocated for his presence in a women's prison.  After two years of terrorizing the Plaintiffs, BOP staff at FMC Carswell, and

over 2,000 women inmates, he was transferred to FCI Aliceville. In less than a year, Thompson's conduct has been the same, where he has stripped naked running through the unit in front of 200 women and destroyed computer equipment because he was angry others had emails and he did not. Thompson is a menace in women's prison society.

The women in federal prison are angry and frustrated that the BOP has refused to voluntarily end its experiment of housing men with women. Federal women inmates have a recognized constitutional right to bodily privacy, not exposing their naked bodies to the opposite sex. Because this is a fact, the Defendants have committed sex discrimination by housing women with men, or in the alternative, housing women with female to male transgender inmates that the BOP acknowledges as men. The BOP cannot have it both ways. The conduct of the Defendants violated the Lucas Settlement.

CLASS CERTIFICATION

There are two proposed classes: Present and former federal women inmates who were forced to expose their bodies to male inmates in violation of the Religious Freedom Restoration Act and the 14th Amendment of the U.S. Constitution, conduct which shocks the conscience.

Plaintiff Fleming is still incarcerated and represents all presently incarcerated federal women inmates. Plaintiff Driever is a former BOP inmate and represents all former federal female inmates.

The Plaintiffs propose the following class definition: Present and former federal women inmates who were forced to be housed with federal biological male inmates, in violation of their sincerely held religious belief of modesty, bodily privacy, and the 14th Amendment. The putative classes were forced to be naked in the presence of men whose sexual identity was protected, while their constitutional rights were not, which is sex discrimination.

The numerosity requirement is met where each proposed class is in excess of 20,000 individuals. Joinder is impractical. In the initial case, more than 50 women filed declarations describing the unconstitutional conditions. These women do not have the legal ability and are unable to afford the filing fee. Judicial economy therefore is promoted by joining their claims in one action.

Commonality is apparent where all women inmates were held under the same conditions. 90% or more of federal women inmates are Christian, Jewish, or Muslim. 80% or more are heterosexual women. Removing male inmates from women's prison, nationwide, is at least "one issue whose resolution will affect all or a significant number of the putative class members." Forbush v. J.C. Penney, Co., Inc., 994 F.2d 1101, 110 (5th Cir. 1993). The relevant questions for all members of the proposed two classes are the same:

1. Did the Defendants violate the RFRA and the 14th Amendment by housing male inmates with women inmates, forcing them to expose their naked bodies to biological, bi-sexual men?

2. Did the Defendants commit sex discrimination by placing the alleged needs of biological males over the religious rights and safety of women inmates?

3. Was there deliberate indifference to the physical, psychological, and religious rights of women, with a preference of placing the rights of transgender inmates over federal women inmates?

The claims of the Plaintiffs are typical of both proposed classes. Plaintiff Fleming has some specific instances of retaliation and threats of violence by the male inmates, but these claims will be waived if class certification is granted. The Plaintiffs and the putative class seek injunctive, declaratory, and monetary relief, as well as attorney fees/costs.

The representative parties will fairly and adequately protect the interests of the class. The court is aware of past differences in the direction of the litigation between the Plaintiffs and the Alliance Defending Freedom attorneys. We still disagree on the of women to monetary damages. Women will not get short changed again, because recognized constitutional law is on our side. However, the core issues, religious liberty, safety of women, and equal protection, without special rights for certain groups, bind the Plaintiffs and ADF in this matter, with the shared goal of the removal of male inmates from women's prisons.

A change in policy is not enough for what was done to the Plaintiffs and other women. Monetary compensation is the best deterrence to government violations of civil rights. The Court may appoint counsel and class certification should not be denied on the basis of the pro se status of the Plaintiffs. See, Ruiz v. Estelle, _____ F.2d _____, _____ (5th Cir. 1974). The Plaintiffs are in discussions with two law firms to possibly represent the class. The Court may prefer to appoint counsel in this very important case. The welfare of our children and grandchildren, decency, family values, and faith in God is under attack.

The Plaintiffs seek certification under Rule 23(b)(2) because the Defendants have failed to accommodate the religious rights, bodily privacy, and safety of women inmates, resulting in nationwide systemic violations of RFRA and the 14th Amendment. This is the proper case to receive class certification under rule 23(b)(2). "Civil rights cases against parties charged with unlawful class-based discrimination are prime examples of what (b)(2) is meant to capture." Wal-mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S.Ct. 2541, 2557-58 (2011)(quoting, Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997).

For the reasons stated above, the Plaintiffs pray the Court grants class certification under Rule 23(a) and (b)(2).

Respectfully Submitted,

*[signature]* 11/24/2018

Rhonda Fleming, Plaintiff

CERTIFICATE OF SERVICE

Service is performed to the Defendants by the electronic filing of this pleading by the U.S. Clerk of Court, on the same day.

*[signature]*

Rhonda Fleming 20446-009
Federal Correctional Institution - Tallahassee
501 Capital Circle NE
Tallahassee, FL 32301

U.S. District Clerk
1000 Lamar Street
Wichita Falls, TX 76301

RECEIVED NOV 30 2018

Legal Mail