IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-004-O |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff Rhonda Fleming's Motion for Class Certification. ECF No. 31. Upon review of the motion and of the record in this case, the Court finds and orders as follows:

At issue in this case is the Federal Bureau of Prisons' policy of housing inmates who were born male but now identify is female inmates in female prison facilities. Fleming seeks to represent "all presently incarcerated federal women inmates." *Id.* at 2.

"[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). The decision to certify a proceeding as a "class action" lies within the broad discretion of the district court, but the court "must conduct a rigorous analysis of the Rule 23 [, Federal Rules of Civil Procedure,] prerequisites before certifying a class." *Castano v. American Tobacco Co.,* 84 F.3d 734, 740 (5th Cir. 1996).

"Rule 23(a) provides that one or more members of a class may sue on behalf of all if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class." *Shipes v. Trinity Industries,* 987 F.2d 311, 316 n. 3 (5th Cir. 1993); FED. R. CIV. P. 23(a). These requirements are more commonly referred to as "numerosity, commonality, typicality, and adequacy of representation."

Even assuming that Rhonda Fleming could satisfy the first three prerequisites for class certification, she cannot meet the fourth criteria found in Rule 23(a)(4) regarding adequacy of representation. To meet the adequacy requirement "the court must find that class representatives, their counsel, and the relationship between the two are adequate to protect the interests of absent class members." *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) (citing *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002)). Fleming is proceeding *pro se* and, as a *pro se* litigant, she cannot establish that she can adequately represent the rights of others. *See McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995) (per curiam) (citing *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973)).

Courts faced with a class action filed by an inmate have consistently held that "a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993); *accord Howard v. Dougan*, 2000 WL 876770 **1 (6th Cir. 2000); *Hummer v. Dalton*, 657 F.2d 621, 623 (4th Cir. 1981); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *see also DeBrew v. Atwood*, 792 F.3d 118, 132

(D.C. Cir. 2015) ("[A] pro se litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (observing that "the competence of a layman is 'clearly too limited to allow him to risk the rights of others' ") (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Binkley v. Rendell*, Civ. No. 1:10-1245, 2012 WL 263655 at *6 (M.D. Penn. Jan. 30, 2012) ("It is well-established that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action.") (citations omitted); 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1769.1 & n.13 (3rd ed.) ("[C]lass representatives cannot appear *pro se*.") (collecting cases).

For the foregoing reasons, the Motion for Class Certification (ECF No. 31) is DENIED.

**SO ORDERED** this **24th day** of **September 2019**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE